

# OFFICE OF THE ATTORNEY GENERAL, OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. E. O. Siecke, Director
Texas Forest Service
College Station, Texas

Dear Mr. Siecke:

Opinion No. 0-1333
Re: Duty of Secretary of Agriculture
under H. R. 4728, 75th Congress,
"Cooperative Farm Forestry Act."

We have your letter of the 24th inst in which you refer to H. R. 4728, passed by the 75th Congress, and also refer to Article 2613, of our Revised Statutes. You then ask:

"I would like to know if I am correct in assuming that the Secretary of Agriculture is obligated, pursuant to the above cited statutory provision, to offer to cooperate with the State Forester on all phases of Farm Forestry in which the State Forester is ready and willing to cooperate, and any agreement executed by the State Forester or by the Board of Directors of the A. & M. College must stipulate that such cooperative work shall be administered by the State Forester, under the general supervision of the Board of Directors of the A. & M. College.

"Has the Secretary of Agriculture authority to disregard State statutes to the extent of ignoring the State Forester, and offering cooperation in Farm Forestry under the provisions of the Norris-Doxey Act to any other State Agency?"

It will be noted that the Resolution referred to reads in part:

". . . in order to aid agriculture, increase farm-forest income, conserve water resources, increase employment, and in other ways advance

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the general welfare and improve living conditions on farms through reforestation and afforestation in the various States and Territories, the Secretary of Agriculture is authorized in cooperation with the land-grant colleges and universities and State forestry agencies, each within its respective field of activities, according to the statutes, if any, of the respective States, wherever such agencies can and will cooperate, or in default of such cooperation to act directly, to produce or procure and distribute forest trees and shrub planting stock; to make necessary investigations; to advise farmers regarding the establishment, protection, and management of farm forests and forest and shrub plantations and the harvesting, utilization, and marketing of the products thereof; and to enter into cooperative agreements for the establishment, protection, and care of farm or other forest-land tree and shrub plantings within such states and Territories;. . ."

The Resolution does not require the Secretary of Agriculture to do these things, but it only empowers him or gives him the right to do them.

It will be noted that in the first paragraph of Article 2613, Revised Statutes of Texas, reads:

"The Board of Directors is charged with the duties and empowered to do and perform the acts hereinafter set forth as follows: . . ."

And it will be noted that in Article 2613a, in each instance it is stated that the Board is _authorized_ to do certain things.

In Cox, Inc. vs. Humble Oil & Refining Co. 16 S. W. (2d) 285, the court held that, "The primary meaning of 'authorize' is to empower, to give a right to act."

We therefore answer your questions that the Resolution of the United States Congress empowers or gives the Secretary of Agriculture the right to act, but does not obligate or require him to do the things outlined in your letter. In dealing with the Secretary of Agriculture

Mr. E. O. Siecke, Page 3

with reference to the matters involved in your inquiry, of course the matter is one for negotiation and not for compulsion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   (Signed)
A. S. Rollins
Assistant

ASR:pbp

APPROVED:  Aug. 31, 1939
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB-Chairman.